UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:16-cv-00102-RJC
(5:02-cr-00037-RJC-8)

| | |
|---|---|
| **HAYWARD JEROME NICHOLS,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court upon Petitioner Hayward Jerome Nichols's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. No. 1), and his Supplemental Memorandum (Doc. No. 11), in which he concedes that his Motion is time-barred. Nichols is represented by the Office of the Federal Public Defender for the Western District of North Carolina.

On January 30, 2003, Nichols pled guilty to conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841 and 846. Entry and Accept. Guilty Plea, United States v. Nichols, 5:02-cr-00037-RJC-8 (W.D.N.C.), Doc. No. 160. The presentence report found that he had two qualifying prior convictions that triggered the career-offender enhancement under United States Sentencing Guidelines ("U.S.S.G.") § 4B1.2: a 1993 North Carolina conviction for assault inflicting serious injury, and a 1994 North Carolina conviction for assault on a government official. (§ 2255 Mot. 1-2, Doc. No. 1.) The Court applied U.S.S.G. § 4B1.2 to determine Nichols's sentencing range and sentenced him to 210 months imprisonment, followed by four years of supervised release. J., Nichols, id. at Doc. No. 261. Judgment was entered on September 5, 2003. Id.

1

On June 15, 2016, Nichols commenced this action by filing the instant § 2255 Motion challenging the Court's application of the career-offender guideline, U.S.S.G. § 4B1.2, in determining his range of punishment. (§ 2255 Mot. 2-5). Nichols argues that he no longer qualifies as a career-offender in light of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). Johnson held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process," id., 135 S. Ct. at 2563, but did not address the residual clause under the career-offender sentencing guideline.

On December 27, 2016, the Court granted the Government's Motion to hold these proceedings in abeyance pending the United States Supreme Court's decision in Beckles v. United States, No. 15-8544, in which the petitioner argued that, under the reasoning of Johnson, his career-offender sentence was erroneously enhanced by an unconstitutionally vague residual clause of U.S.S.G. § 4B1.2. (Doc. No. 4). The Supreme Court issued its opinion on March 6, 2017, holding that because the guidelines are not mandatory, they "are not subject to vagueness challenges under the Due Process Clause" and Johnson, therefore, does not apply to invalidate the residual clause of the career-offender guideline. Id. at 890, 895. Beckles, however, did not resolve the question of whether Johnson's constitutional holding applies retroactively to those defendants, like Nichols, who were sentenced before United States v. Booker, 543 U.S. 220 (2005), when the sentencing guidelines were mandatory rather than advisory. Because that issue was before the Fourth Circuit Court of Appeals, this Court granted the Government's subsequent motion to hold this action in abeyance pending the Fourth Circuit's decision in United States v. Brown, No. 16-7065. (Doc. No. 7).

On August 21, 2017, the Fourth Circuit issued its opinion in Brown, holding that because neither Johnson, Beckles, nor any other Supreme Court case has recognized the specific right to

relief sought by Brown, his § 2255 motion was "untimely under 28 U.S.C. § 2255(f)(3)."[1] United States v. Brown, 868 F.3d 297, 299 (4th Cir. 2017), rehr'g and rehr'g en banc denied, 891 F.3d 115 (4th Cir. 2018). The United States Supreme Court denied certiorari review, Brown v. United States, 2018 WL 2877128 (Oct. 15, 2018), leaving the Fourth Circuit's decision intact.

On November 7, 2018, Petitioner filed a supplemental memorandum stating the parties agree that based on the Supreme Court's denial of certiorari, Nichols's claim is foreclosed as untimely by Brown, 868 F.3d at 299. (Doc. No. 11). Petitioner originally argued his petition was timely under 28 U.S.C. § 2255(f)(3) because it was filed within one year of Johnson. The Court agrees the Motion to Vacate is untimely and will dismiss it on that basis.

Nevertheless, Nichols requests that the Court grant him a certificate of appealability. He contends reasonable jurists would disagree about the correctness of the Court's dismissal of a motion to vacate as time-barred where a petitioner who was sentenced as a career-offender prior to Booker raises a Johnson claim within a year of that decision. The Court recognizes that Justice Sotomayor and Justice Ginsburg dissented from the Supreme Court's denial of certiorari in Brown, and that Chief Judge Gregory dissented from the Fourth Circuit's panel decision in Brown, as well as the decisions to deny rehearing and rehearing en banc. This Court, however, is bound by Fourth Circuit precedent, which clearly dictates that Petitioner's Motion to Vacate is untimely. Accordingly, the Court declines to issue a certificate of appealability as Brown is settled law in this circuit.

---

[1] A motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 must be filed within one year of the date on which: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; *(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review*; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f)(1)-(4) (emphasis added).

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1) is **DISMISSED as untimely**; and

2. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings in the United States District Courts, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: November 14, 2018

Robert J. Conrad, Jr.
United States District Judge